

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED
THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed August 28, 2019**

**United States Bankruptcy Judge**

___

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| JEFFERY MICHEAL HUNT, | § | Case No. 18-20072-rlj-7 |
| | § | |
| Debtor. | § | |

## MEMORANDUM OPINION AND ORDER

The Court addresses the Emergency Motion to Amend Order filed by Robert Phelps (Phelps) and his counsel, Ernest Nycz (Nycz).[1] Phelps is the plaintiff in the adversary proceeding, Adversary No. 18-02011, in which he objects to Hunt's discharge and to the dischargeability of the claim he asserts against Hunt. By the motion, Phelps and Nycz ask that the Court's order of August 3, 2018 (entered August 6, 2018) be corrected to reflect that they and other creditors had until September 18, 2018 to object to both Hunt's discharge and to the *dischargeability* of debts. The motion was heard on April 2, 2019—immediately before trial

___

[1] Doc. No. 44. All "Doc. No." references are to the present bankruptcy proceeding, unless otherwise stated.

commenced in the adversary proceeding. The Court took the motion under advisement. The Court grants the relief requested.

## I.

Jeffery Hunt (Hunt) filed his chapter 7 bankruptcy case on March 5, 2018.[2] The § 341(a) meeting of creditors was set for April 18, 2018, and the docket sheet reflects that objections to discharge were due by June 18, 2018.[3] The June 18 deadline comports with Federal Rule of Bankruptcy Procedure 4004(a), which states in relevant part, "In a chapter 7 case, a complaint . . . objecting to the debtor's discharge shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a)"; and with Federal Rule of Bankruptcy Procedure 4007(c), which states in relevant part, " . . . a complaint to determine the dischargeability of a debt under § 523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a)." These rules each also allow for an extension of time to file an objection, upon motion of any party in interest, provided the motion is filed within the 60-day time period. Fed. R. Bankr. P. 4004(b)(1), 4007(c) (Federal Rule of Bankruptcy Procedure 4004(b)(2) provides an exception to the requirement that the motion requesting a time-extension be filed within the 60-day timeframe).

On June 15, 2018, Nycz filed a motion requesting "an additional 90 days from June 18, 2018, . . . to and through September 18, 2018, for objections to discharge and discharge ability [sic]."[4] The motion contained negative-notice language, allowing parties 24 days to object to the relief sought. Having received no objections to his motion, on August 1, 2018, Nycz filed a Certificate of No Objection, wherein he requested that the Court enter an order approving the

---

[2] Doc. No. 1.
[3] Doc. No. 6. All "§" references are to Title 11 of the United States Code, unless otherwise stated.
[4] Doc. No. 36 ¶ 8.

motion.[5] Accordingly, on August 6, 2018, the Court entered the Order Extending Time to Object to Discharge.[6] Notably, the order was drafted and submitted by Phelps's counsel and contained the following language, ". . . the Court finds that the Motion is with merit and should be GRANTED. . . . IT IS, THEREFORE, ORDERED THAT Ernest P. Nycz, The Trustee, or any creditor or other party in interest shall have until September 18, 2018 to object to the discharge of debtor Jeffrey Michael Hunt [sic]."[7] Phelps filed this adversary proceeding against Hunt on September 18, 2018, objecting to Hunt's discharge under § 727 and to the *dischargeability* of the debt owed Phelps under § 523.[8]

By Hunt's answer to Phelps's complaint, Hunt argues that Phelps's objection under § 523 was untimely filed.[9] Hunt contends that "[n]o extension was granted by the Court" to raise such an objection and, therefore, the Court is without jurisdiction to decide the issue because the complaint was filed after June 18, 2018.[10] This argument prompted Phelps to file his Emergency Motion to Amend Order one day prior to the start of trial.[11]

The Emergency Motion to Amend Order admits a "clerical error" and states that the August 6 Order should have also included an extension for an objection to dischargeability under § 523.[12] It requests an amendment to the August 6 Order "to include the words 'discharge ability.'"[13]

---

[5] Doc. No. 39.
[6] Doc. No. 40.
[7] *Id.*
[8] Doc. No. 42.
[9] Adversary No. 18-02011, Doc. No. 7 ¶ 5.
[10] *Id.*
[11] Doc. No. 44.
[12] *Id.* ¶ 6.
[13] *Id.* ¶ 7.

## II.

Although no authority is cited in the motion as grounds for granting the relief requested, the Court decides that such relief is available under Federal Rule of Civil Procedure 60(a), made applicable in bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 9024.[14] The rule states that "the court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a).

"Rule 60(a) provides a specific and very limited type of relief." *Tex. Comptroller of Pub. Accounts v. Transtex. Gas Corp. (In re Transtex. Gas Corp.)*, 303 F.3d 571, 581 (5th Cir. 2002). Relief under Rule 60(a) is confined to instances "where the record makes apparent that the court intended one thing but by merely clerical mistake or oversight did another. Such a mistake must not be one of judgment or even of misidentification, but merely of recitation, of the sort that a clerk or amanuensis might commit . . . ." *United States v. Kellogg (In re W. Tex. Mktg. Corp.)*, 12 F.3d 497, 503 (5th Cir. 1994) (internal citation omitted). The correctable mistake need not be made by the court or the clerk's office because Rule 60(a) is, likewise, available to correct mistakes of parties. *Id.* at 503–04 (citing *Warner v. Bay St. Louis*, 526 F.2d 1211, 1212 (5th Cir. 1976)).

The Fifth Circuit has also addressed the scope of errors available for correction under Rule 60(a). The relevant test for Rule 60(a) application is "whether the change affects substantive rights of the parties and is therefore beyond the scope of Rule 60(a) or is instead a clerical error, a copying or computational mistake, which is correctable under the Rule." *Id.* at

---

[14] The Court will not, however, consider any relief under Rule 60(b) because the subject order is not a final order. *See, e.g., Mata v. Schoch*, 337 B.R. 138, 144 (S.D. Tex. 2005) (deciding that a judgment, order, or proceeding must be final and not interlocutory to merit consideration under Rule 60(b)).

504. In *West Texas Marketing Corp.*, the Fifth Circuit vacated the lower court's refusal to amend a settlement judgment between the parties and remanded in consideration of Rule 60(a). *Id.* at 505. By analogy the Fifth Circuit wrote,

> As long as the intentions of the parties are clearly defined and all the court need do is employ the judicial eraser to obliterate a mechanical or mathematical mistake, the modification will be allowed. If, on the other hand, cerebration or research into the law or planetary excursions into facts is required, Rule 60(a) will not be available to salvage [a party's] blunders. Let it be clearly understood that Rule 60(a) is not a perpetual right to apply different legal rules or different factual analyses to a case. It is only mindless and mechanistic mistakes, minor shifting of facts, and no new additional legal perambulations which are reachable through Rule 60(a).

*Id.* at 504–05. Thus, the Fifth Circuit reasoned that relief, in the form of correcting a computational mistake, was available to accurately reflect the intentions of the parties. *Id.* at 505.

Before this Court is a mistake in an order that, when corrected, will accurately reflect the intentions of the parties. Despite excluding from the order the word "dischargeability," the Court has no doubt that the intent was to grant the full substance of the motion. The motion itself plainly states that it seeks an extension of time to object to Hunt's discharge *and* to the *dischargeability* of the debt owing to Phelps. The requested amendment corrects an error that is apparent from the record.

### III.

It is, therefore,

ORDERED that the relief requested by the motion is granted. Phelps is instructed to file with the Court an amended order that complies with the request made by his motion—to add "dischargeability" to the last paragraph.

### End of Memorandum Opinion and Order ###